UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 1:14-cv-00310 |
| | ) | |
| PAUL PUENTES, | ) | |
| | ) | |
|     Defendant. | ) | |

# COMPLAINT

The United States, by and through its undersigned attorneys, hereby brings this action and alleges the following:

1.  This is an action to enforce a claim for civil penalties pursuant to 19 U.S.C. § 1641(d)(2).

2.  This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3.  Defendant Paul Puentes is a natural person believed to be currently residing at 6047 Roosevelt Avenue, South Gate, CA 90280. At all times relevant to the matters described in this complaint, Mr. Puentes was doing business as a licensed customs broker.

4.  From approximately April 2008 through February 2009, Mr. Puentes filed Customs Form (CF) 7501, also known as an entry summary, for 88 entries on behalf of his client Florexpo, LLC (Florexpo).

5.  Mr. Puentes sent to Florexpo CF 7501s that reflected the true value of the imported goods and the correct amount of merchandise processing fees (MPFs) owed by Florexpo. Florexpo remitted payment to Mr. Puentes for the MPFs based on those CF 7501s.

6.  For 79 of the 88 entries that Mr. Puentes handled on behalf of Florexpo, Mr. Puentes filed CF 7501s with U.S. Customs and Border Protection (CBP) that had lower values

for the imported goods, along with lower MPFs, than had been reflected on the versions of the CF 7501s that Mr. Puentes had provided to Florexpo.

7. For the 79 entries in which Mr. Puentes under-reported the value of the imported goods to CBP, Mr. Puentes collected from Florexpo approximately $6,437.05 more for MPFs than he paid CBP on Florexpo's behalf. A list of the 79 entries, along with the MPF that Mr. Puentes collected from Florexpo, but did not remit to CBP, is attached as Exhibit A.

8. Mr. Puentes deceived and misled Florexpo through his conduct. In a prior disclosure dated September 1, 2009, Florexpo informed CBP that it had paid Mr. Puentes the MPF that was actually owed on the entries at issue and that it had "believed that the correct value information, including MPF, was being declared [to CBP]."

9. From September 2008 through February 2009, Mr. Puentes filed, upon behalf of various clients, 250 late entry summaries. An entry summary is required for all merchandise formally entered for consumption, and this entry summary must be filed, along with estimated duties, within 10 working days after the time of entry. *See* 19 C.F.R. §§ 142.11, 142.12(b). A list of the 250 entry summaries that were filed after the expiration of the 10-day period from September 2008 through February 2009 is attached hereto as Exhibit B.

10. From September 2008 to January 2009, Mr. Puentes failed to file 58 entry summaries. In other words, for goods that Mr. Puentes caused to be entered for consumption, he did not file entry summaries in 58 instances in which the 10-day period set forth in 19 C.F.R. § 142.12(b) had elapsed from September 2008 through February 2009. A list of these 58 entry summaries is attached hereto as Exhibit C.

11. From approximately April 2009 to April 2010, Mr. Puentes made 43 entries that identified WorldFresh Express Inc. (WorldFresh) as the importer of record. A list of these entries is attached hereto as Exhibit D.

12. WorldFresh was not properly identified as the importer of record for these 43 entries, as it had not given any authorization to Mr. Puentes to clear these entries on behalf of WorldFresh, and had no knowledge that Mr. Puentes was clearing these entries on behalf of WorldFresh.

13. The actual importer of record for these 43 entries was Mr. Puentes or Freshco, Inc., a company owned by Mr. Puentes.

14. The United States exhausted all administrative remedies by transmitting statutory pre-penalty and penalty notices to Mr. Puentes, identifying all alleged violations. A pre-penalty notice was sent to Mr. Puentes on or about September 29, 2010, and a penalty notice was sent to Mr. Puentes on or about January 13, 2011.

## COUNT I

15. The allegations contained in paragraph 1 through 14 above are restated and incorporated by reference.

16. Pursuant to 19 U.S.C. § 1641(d)(1)(F), a monetary penalty may be imposed against a customs broker "if it is shown that the broker . . . has, in the course of its customs business, with intent to defraud, in any manner willfully and knowingly deceived, misled or threatened any client or prospective client."

17. Mr. Puentes filed entries for Florexpo in the course of his customs business.

18. Mr. Puentes deceived and misled Florexpo by collecting MPFs from Florexpo in excess of what he ultimately paid to CBP on Florexpo's behalf, without Florexpo's knowledge.

3

19. Mr. Puentes did this willfully and knowingly, as evidenced by the fact that he provided Florexpo with entry summaries that did not match the entry summaries he later filed with CBP, and collected from Florexpo approximately $6,437.05 more for MPFs than he paid to CBP on Florexpo's behalf.

20. As a result of this violation of 19 U.S.C. § 1641(d)(1)(F), pursuant to 19 U.S.C. § 1641(d)(2)(A), Mr. Puentes is liable for a monetary penalty in the amount of $30,000. Mr. Puentes has not paid any part of the penalty for which he is liable and therefore he remains indebted to the United States for the full amount of the penalty.

## **COUNT II**

21. The allegations contained in paragraphs 1 through 20 above are restated and incorporated by reference.

22. Pursuant to 19 U.S.C. § 1641(d)(1)(C) a monetary penalty may be imposed against a customs broker that "has violated any provision of any law enforced by [CBP] or the rules or regulations issued under any such provision."

23. Mr. Puentes violated two regulations applicable to brokers: 19 C.F.R. §§ 111.29 and 111.32.

24. Mr. Puentes violated 19 C.F.R. § 111.29, which states:

> Due diligence by broker. Each broker must exercise due diligence in making financial settlements, in answering correspondence, and in preparing or assisting in the preparation and filing of records relating to any customs business matter handled by him as a broker. Payment of duty, tax, or other debt or obligation owing to the Government for which the broker is responsible, or for which the broker has received payment from a client, must be made to the Government on or before the date that payment is due. Payments received by a broker from a client after the due date must be transmitted to the Government within 5 working days from receipt by the broker. Each broker must provide a written statement to a client accounting for funds received for the client from the

>Government, or received from a client where no payment to the Government has been made, or received from a client in excess of the Governmental or other charges properly payable as part of the client's customs business, within 60 calendar days of receipt. No written statement is required if there is actual payment of the funds by a broker.

25. Mr. Puentes violated 19 C.F.R. § 111.29 by collecting duties from Florexpo using entry summaries stating the correct amount of MPFs owed, and then submitting entry summaries to CBP indicating a lower amount of MPFs owed. Florexpo relied upon the entry summaries from Mr. Puentes to send Mr. Puentes payments for MPFs. However, Mr. Puentes did not forward to CBP all of the money for MPFs that he received from Florexpo. Instead, Mr. Puentes made changes in the entry summaries that reduced the amounts of MPFs owed to CBP, and remitted to CBP only the reduced amount of MPFs stated in these entry summaries.

26. In addition, Mr. Puentes violated 19 C.F.R. § 111.29 by filing 250 late entries and failing to file 58 entry summaries.

27. Mr. Puentes also violated 19 C.F.R. § 111.29 by indicating that WorldFresh was the importer of record for 43 entries for which WorldFresh was not actually the importer of record.

30. Mr. Puentes violated 19 C.F.R. § 111.32, which states:

>A broker must not file or procure or assist in the filing of any claim, or of any document, affidavit, or other papers, known by such broker to be false. In addition, a broker must not knowingly give, or solicit or procure the giving of, any false or misleading information or testimony in any matter pending before the Department of Homeland Security or any representative of the Department of Homeland Security.

31. Mr. Puentes violated 19 C.F.R. § 111.32 by filing entry summaries for Florexpo with CBP that he knew contained false valuations for the imported merchandise, having

submitted different versions of the entry summaries to Florexpo that reflected the correct valuation for the merchandise.

  32. Mr. Puentes also violated 19 C.F.R. § 111.32 by filing entry summaries with CBP that he knew falsely identified WorldFresh as the importer of record for merchandise that Mr. Puentes was actually attempting to enter on behalf of entities other than WorldFresh.

  33. As a result of these violations of 19 U.S.C. § 1641(d)(1)(C), pursuant to 19 U.S.C. § 1641(d)(2)(A), Mr. Puentes is liable for a monetary penalty in the amount of $30,000. Mr. Puentes has not paid any part of the penalty for which he is liable and therefore he remains indebted to the United States for the full amount of the penalty.

  WHEREFORE, the United States respectfully requests that the Court enter judgment in favor of the United States and against Mr. Puentes for a penalty pursuant to 19 U.S.C. § 1641(d)(2)(A) in the amount of $30,000.00, plus interests and costs as provided by law, and such other and further relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOYCE R. BRANDA<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  |    /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>DIANA J. COBURN<br>Office of the Associate Chief Counsel, Los Angeles<br>U.S. Customs and Border Protection<br>Department of Homeland Security<br>One World Trade Center, Suite 1200<br>Long Beach, CA  90832 |    /s/ Nicholas Jabbour<br>NICHOLAS JABBOUR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division, Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-0338<br>Facsimile: (202) 307-0972<br>E-mail: Nicholas.Jabbour@usdoj.gov<br><br>*Attorneys for Plaintiff* |